JAMES BIGELOW, Administrator *vs.* WILLIAM FOLGER.

Where, after a suit is commenced by an administrator, the estate of his intestate is represented insolvent, the defendant may set off a note against the intestate which falls due pending the suit, though not due and payable when the action was commenced.

It seems that a debt of an insolvent intestate, *solvendum in futuro,* may in all cases be set off in a suit brought by his administrator.

Where a defendant, in a suit by the administrator of an estate represented insolvent, files in offset a claim larger than that on which he is sued, he is entitled to judgment for the balance, and need not present his claim to the commissioners of insolvency. The judgment is to be presented to the judge of probate and by him added to the claims allowed by the commissioners.

SHAW, C. J. This action was brought by Lydia Gardner as administratrix of the estate of Paul Gardner, on a penal bond, dated June 12th, 1835, and conditioned for the performance of an agreement. It appears that Paul Gardner had given the defendant a note for $2181·82, of even date with said bond, payable in three years, and to secure the same, had mortgaged to him, the defendant, a flock of sheep. The condition of the bond is, to take care of the sheep, shear them, and account for the wool, &c. The mortgagor died within the first year, and the action was brought on this bond, in June, 1836, after the shearing of that year. Before the action came to judgment, the estate of the plaintiff's intestate was represented insolvent. Subsequently the administratrix died; and at the last July term of this court, at Nantucket, James Bigelow, administrator *de bonis non,* was, on his written application, admitted to prosecute. The defendant insists on his right to set off his note against this demand, which, it is said, will exceed it; and the plaintiff insists on his right to recover all that is due on the bond, leaving the defendant to prove his note under the commission of insolvency, on which he will probably receive but a small dividend.

The conclusion in the agreed statement of facts is, that if the defendant has a right to set off his demand, both claims are to go before the commissioners, to be balanced, and the balance only to be allowed against the estate, or in favor of it.

The court are of opinion, that the defendant is entitled to set

off his note against the amount due on his bond, and that it is immaterial, whether his note was due when this action was commenced, or not.   This does not stand upon the law regulating set-off generally, but on the law respecting the settlement of insolvent estates.   When an estate is represented insolvent, all mutual demands of every nature and kind are to be set off, and the balance only is the debt due from the estate, or to the estate, as it may be found.   This was settled in *McDonald* v. *Webster*, 2 Mass. 498, and has been recognized, in many cases since, as the settled law on the subject.   Opinion of Jackson, J. *Jarvis* v *Rogers*, 15 Mass. 407.   *Knapp* v. *Lee*, 3 Pick. 452.

If an action is brought against one who dies, and his estate is represented insolvent, the practice under the former statutes was, either to discontinue the action, and go before the commissioners, or to suspend the action, and if contested, afterwards to proceed to judgment ; but instead of issuing an execution, the judgment was certified to the judge of probate, to be added to the list of allowed claims.

And we think the same course may be adopted under the revised statutes.   By Rev. Sts. *c.* 96, § 12, when an action is brought by an executor or administrator, demands which belonged to the defendant, at the time of the death, may be set off. Such is the present case.   At the time of the death of Paul Gardner, the intestate, the defendant held this note, though not then due.   Sect. 13 provides that in such case, if the balance be found against the plaintiff, judgment shall be rendered in the same manner, and to the same effect, as if the action had been brought by the defendant.

In case of an insolvent estate, as there must be a final settlement of all demands, it follows as a necessary consequence, that a *debitum in presenti*, although not a debt due, is within the principle, and may be set off.

In the present case, the action was commenced by the administratrix.   The defendant has no other remedy but to set off his claim.   The statute cited shows, that he may set it off, and have judgment to the same effect as if the action were brought by him.   The effect of such a judgment would be, that he would

have a certificate to the judge of probate of the amount recovered, to be added to the list of debts against the estate of the insolvent, so that the creditor will receive the same dividend for his actual balance, as other creditors. There is then no occasion to go before the commissioners.

In the present case, it is not necessary to decide that in all cases, a debt not yet due, may be set off in a suit brought by the administrator of an insolvent estate, though we think the authorities go to that extent ; *Sewall* v. *Sparrow*, 16 Mass. 26 ; because, in the present case, the defendant's note became due in 1838, and in consequence of the continuance of the action, might be regularly admitted as the set-off of an existing debt.

We think the course will be, to compute the amount due on the bond and on the note, respectively ; if the balance is in favor of the defendant, judgment will be rendered for the amount of that balance, and certified to the judge of probate, as a claim to be added to those allowed by the commissioners. If the balance is in favor of the plaintiff, judgment will be rendered in his favor in common form.

*Coffin*, for the plaintiff.

*R. L. Hathaway*, for the defendant.